IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ABEL J. DEDEAUX**                                                                    **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:25CV319-LG-BWR**

**HARRISON COUNTY, MS, et al.**                                    **DEFENDANTS**

### THIRD ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED

**THIS MATTER IS BEFORE THE COURT** sua sponte because of delay caused by Plaintiff's failure to comply with multiple Court Orders. The Court has determined that any dismissal of this case must be with prejudice because the statute of limitations has run. As a result, the Court will give Plaintiff one more opportunity to explain his failure to prosecute his lawsuit and comply with the Court's Orders.

### BACKGROUND

Plaintiff Abel J. Dedeaux filed a pro se [1] Complaint and [2] Application for leave to proceed in forma pauperis on October 24, 2025. The Court entered an [3] Order scheduling a screening hearing on January 15, 2026. The Court explained that this hearing was necessary to determine whether Plaintiff's Application should be granted and if any portion of Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2). The Court warned Plaintiff that failure to appear at the

hearing may result in dismissal of this lawsuit without prejudice and without further notice.

Plaintiff failed to appear at the screening hearing, so the Court entered an [4] Order to Show Cause that required Plaintiff to respond by February 6, 2026. The Court cautioned Plaintiff once again that failure to respond to the Order could result in dismissal without prejudice of this lawsuit. After Plaintiff failed to respond to the Order to Show Cause, the Court entered a [5] Second Order to Show Cause, thus giving Plaintiff yet another opportunity to explain his failure to appear at the hearing and comply with Court Orders. The Court cautioned, "If Plaintiff fails to respond to this Order on or before March 10, 2026, that failure to respond will be deemed a purposeful delay and contumacious act, and the Court will presume Plaintiff no longer wishes to pursue this lawsuit." Order [5] at 2. Despite the Court's repeated warnings, Plaintiff once again chose not to respond.

## DISCUSSION

Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action sua sponte for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief . . . to achieve the orderly and expeditious disposition of cases." *See Link*, 370 U.S. at 630–31.

Generally, dismissals with prejudice under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). The record suggests a clear record of delay or contumacious conduct by Plaintiff. Furthermore, Plaintiff's repeated failure to respond to and comply with Court Orders leads to the determination that sanctions less than severe than dismissal with prejudice "would not prompt diligent prosecution." *See id.*

The Court will again direct Plaintiff to show cause why this case should not be dismissed for failure to obey a Court order and failure to prosecute. Plaintiff is therefore warned that this is his last opportunity to act in order to prevent dismissal with prejudice of this lawsuit. If Plaintiff fails to respond to this Order on or before March 23, 2026, that failure to respond will be deemed a purposeful delay and contumacious act, and the Court will dismiss this lawsuit with prejudice

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff must file a response to this Order on or before **March 23, 2026**, that explains why this case

should not be dismissed under Federal Rule of Civil Procedure 41(b) due to his failure to obey the Court's orders and his failure to prosecute.

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2026.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge